**FIRST UNION NATIONAL BANK OF VIRGINIA, Plaintiff,**

v.

**Nancy A. CRAUN, et al., Defendant.**

**Civ. A. No. 93–0056–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

May 13, 1994.

William E. Shmidheiser, III, Wharton, Aldhizer & Weaver, Harrisonburg, VA, for plaintiff.

O. Leland Mahan, Hall, Monahan, Engle, Mahon & Mitchell, Leesburg, VA, for defendant.

### MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This post-judgment action seeking the entry of a charging order against the partner-ship interests of the defendant, Nancy Craun, in and to Fairfax Enterprises (Fairfax) and HWA Enterprises (HWA), both Virginia limited partnerships, is a testimony to the adage that a mere judgment is worth little more that the paper upon which it is printed. The case is before the court under authority of 28 U.S.C. § 636(b)(3).

On October 21, 1993 plaintiff secured a consent judgment against the defendant. It is agreed that defendant owns limited partnership interests in the Fairfax and HWA ventures, and that she is entitled to no more rights in those partnerships than are conferred by the partnership agreements and applicable Virginia limited partnership law. The parties virtually have stipulated to the propriety of the court's entering a charging order under Va.Code § 50–73.46.[1] However, they disagree as to the priority such order may have over other interests in and liens on defendant's intangible rights to distributions from the limited partnerships. HWA Enterprises claims priority to any distributions from the limited partnerships to the debtor under a certain October 1, 1991 assignment of interests as well as under a security agreement dated January 26, 1994. A security interest under the January 26, 1994 security agreement was perfected by filing a financing statement on January 31, 1994. There seems no dispute over the fact that the security agreement covers an antecedent debt.

In the only case arising in Virginia on the general subject of charging order priority, it was held, albeit under former Virginia partnership law, that a charging order takes precedence over both expired writs of execution and unperfected liens under the UCC. *Matter of Pischke,* 11 B.R. 913 (E.D.Va. 1981). In the case at bar, no writ of execution has issued upon the final consent judgment entered by the presiding District Judge on October 21, 1993. Moreover, the security agreement and financing statement in favor of HWA were executed and filed before this court has had an opportunity to issue any charging order against the debtors limited

---

1. For purposes of this action, the statute grants to the recipient of a charging order the rights of an assignee of the debtor-limited partner.

partnership interests.[2] Therefore, the question becomes whether a charging order may be given any priority over a perfected security interest where no execution issued before the security interest was perfected.

By its terms, Va.Code § 50–73.46 does not require that execution issue before a creditor proceeds to obtain a charging order. Certainly, the statute does not prohibit the issuance of execution, it simply is silent on that subject. In addition, the statute clearly makes the assignment of the debtor's interest in a limited partnership effective at the time the charging order enters, for the assignment only arises "[t]o the extent" the partnership interest is charged by the order. By contrast, in other proceedings instituted to aid collection of a judgment, such as interrogatories to ascertain a debtors estate or garnishments, a writ of execution, which in Virginia is a *fieri facias,* precedes the issuance of a summons to the party, bailee or employer to appear and make answer or return. Va.Code §§ 8.01–506–510 and 8.01–511–525.

■ It is the court's view that had a writ of execution issued, and had such a writ been delivered into the hands of the marshall, defendant's inchoate intangible rights in distributions from the limited partnerships could have been subjected to the lien of the writ. Va.Code § 8.01–501; Fed.R.Civ.P. 69. Plaintiff then could argue the writ of execution would have taken priority over a security interest perfected **after** the writ was issued and placed in the hands of the serving official, assuming the secured lienor was provided notice of the issuance of execution. The same argument would hold even if the charging order did not enter until after the security interest was perfected. Plaintiff's lien would have become perfected by delivery of the writ of execution into the Marshal's hands. The court's charging order could do no more than charge the partnership interest with a lien the priority of which already was fixed by issuance of execution. Under this scenario, the instant plaintiff's judgment lien would take priority over the later perfected security interest of HWA not because a charging order entered but because execution established the priority, so long as HWA was not a secured party for valuable consideration without notice that the writ of execution had issued. VCA § 8.01–501.

■ But, that is not the case here. Plaintiff did not cause a writ of execution to issue. Instead, it merely sought the entry of a charging order armed only with what may be best described as a "naked" final judgment. Therefore, until a charging order entered, the judgment debtor, Mrs. Craun, virtually was free, as against the instant plaintiff, to encumber intangible property, including her interests to discretionary distributions of a limited partnerships. To put it differently, it is this court's view that a charging order, without more, does not take priority over a security interest perfected after judgment but before the entry date of the charging order. Thus the adage that a mere judgment is worth little more than the paper on which it is printed, once again, is proved.

For these reasons, the court will enter a charging order as the parties agree, but that charging order will not fix its priority over any lien that was perfected prior to the entry thereof.

### ORDER

On application of First Union National Bank of Virginia, successor in interest to Dominion Bank, N.A., it is

### ORDERED

that the partnership interests of Nancy A. Craun in and to HWA Enterprises and Fairfax Enterprises, both Virginia limited partnerships, hereby are charged with the payment of the unsatisfied amount of judgment entered against the said Nancy A. Craun by Order of the Hon. James H. Michael, Jr., U.S. District Judge, on October 21, 1993 with interest at the judgment rate thereafter until

**2.** The court was requested by the parties to refrain from taking final action on the plaintiff's initial request for entry of a charging order until a stipulation between the parties could be reached. By that time, the security agreement had been executed, and the financing statement had been filed in favor of HWA Enterprises.

paid. Plaintiff's motion to fix the priority hereof over a certain perfected security interest of HWA Enterprises in and to the said limited partnership interests hereby is denied.

By stipulation of the parties, it is further

ORDERED

that so long as the judgment of First Union National Bank of Virginia in this case shall remain unsatisfied, HWA Enterprises and Fairfax Enterprises shall send to First Union National Bank of Virginia each year a copy of the Federal Income Tax Return Schedule K–1 (Form 1065) for each partnership specific to the partnership interests of Nancy Craun (or in the event the Federal Income Tax Return is changed or renumbered, its replacement equivalent) within two weeks after its annual required date of filing with the Internal Revenue Service.

Further, so long as the judgment of First Union National Bank of Virginia in this case shall remain unsatisfied, HWA Enterprises and Fairfax Enterprises shall make no distribution of cash to partners other than in accordance with the respective partnership agreements in effect on the date on which the Petition for Charging Order was filed with the Court, and the Virginia Revised Uniform Limited Partnership Act. Nothing in this Order is intended to, nor shall it, impinge on the decision of the General Partners of the Partnership as to whether to make any cash distributions from either Partnership at any time.